**BENTON J. CAMPBELL**
**UNITED STATES ATTORNEY**

WILLIAM YOUNG (WY9160)
Special Assistant united States Attorney
271 Cadman Plaza East, 8th Floor
Brooklyn, NY 11201
Telephone: (718) 254-6057

ARLENE P. MESSINGER
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street S.W., Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6857
Facsimile: (202) 205-7154

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/08

ORIGINAL

08 CIV 7287

FILED
DISTRICT COURT OF GUAM
SEP 05 2008
JEANNE G. QUINATA
Clerk of Court

Leisure, J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) MC 08-00036<br>) |
| Plaintiff, | ) |
| v. | ) Civ. Action<br>) No. |
| AVALON EQUITY FUND, L.P. | ) |
| Defendant. | ) |

## A. *CONSENT ORDER*

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for Avalon Equity Fund, LP ("Avalon"). The Court, being fully advised as to the merits, and based upon the consent of the parties, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive

jurisdiction of Avalon, and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Avalon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Avalon's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of Avalon under applicable state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Avalon are hereby dismissed. Such persons shall have no authority with respect to Avalon's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Avalon and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Avalon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. Avalon shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Avalon as well as the names, addresses and amounts of claims of all known creditors of Avalon. All persons having control, custody or possession of any assets or property of Avalon, including its former General Partners are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of Avalon. All persons and entities owing any obligations or debts to Avalon shall, until

further order of this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Avalon had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Avalon, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Avalon's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Avalon. In the

-3-

Case 1:08-mc-00036    Document 2    Filed 09/05/2008    Page 3 of 7

event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Avalon or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Avalon, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Avalon or any assets of Avalon, involving Avalon or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Avalon's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Avalon, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Avalon or any of its assets or any action of any nature taken by Avalon's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further

-4-

Case 1:08-mc-00036    Document 2    Filed 09/05/2008    Page 4 of 7

Order of this Court.

9. Avalon and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Avalon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of Avalon, from the SBA, up to $1,000,000, and is authorized to cause Avalon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Avalon, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Avalon.

11. This Court determines and adjudicates that Avalon has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in

accordance with this Order, the Receiver may submit a report to this Court recommending that Avalon's license as an SBIC be revoked.

Respectfully submitted,

**Avalon Equity Fund, L.P.**
**A Delaware limited partnership**

By:   Avalon Equity Partners LLC
      A Delaware limited liability company
Its:  General Partner

By: _____
Name: David W. Unger
Title: Manager


UNITED STATES of AMERICA
Benton J. Campbell
United States Attorney

By: _____
William Young (WWY9160)
Assistant United States Attorney
271 Cadman Plaza East
8th Floor
Brooklyn, NY 11201


U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Arlene Messinger
Assistant General Counsel for SBIC Enforcement
409 3rd St S.W.
Washington, D.C 20416
2202-205-6857

SO ORDERED this 21st day of August, 2008.

/s/ Peter K. Leisure
UNITED STATES DISTRICT JUDGE